**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| | ) | **CASE NO. 3:13-00202-01** |
| vs. | ) | **JUDGE CAMPBELL/KNOWLES** |
| | ) | |
| | ) | |
| **TANYA DAVIS** | ) | |

**ORDER**

This matter is before the Court upon Defendant's "Motion for Travel Permission" (Docket No. 4), which Judge Campbell has referred to the undersigned (Docket No. 12). The Government filed an initial Response (Docket No. 7) and a supplemental Response (Docket No. 10) in opposition to the Motion. Defendant filed a Reply to the Government's Response (Docket No. 13), and the Government filed a "Response" to Defendant's Reply (Docket No. 14).

Defendant is currently on supervised release and is being supervised by a Probation Officer in the Middle District of Tennessee. One of the conditions of her supervised release is that she shall not leave the judicial district without the permission of the Court or Probation Officer. Docket No. 2-2, p. 3. Defendant avers that she has become a speaker and author, having written From Crack to Christ, and she is being invited to speak outside the State of Tennessee and outside the country. At the time of the filing of her Motion, Defendant had two potential trips to religious conferences, for which she anticipated being paid: (1) a trip to Wichita, Kansas, April 4-7, 2014, and (2) a trip to the Carribean Island of Curacao, April 17-22, 1014. In her Motion, she sought an Order from the Court:

– Granting her permission, without having to seek prior approval

> from the Parole Officer/the Court for each individual trip, to
> engage in interstate travel for the purpose of participating in
> income-producing events like the ones described herein.
>
> – Granting her permission to engage in travel outside of the
> country for the purpose of participating in income-producing
> events like the ones described herein, including but not limited to
> the above-described trip to Curacao.
>
> – Granting her any further relief the Court deems proper.

Docket No. 4, p. 3.

The Government filed a Response in opposition to the Motion. Docket No. 7. That Response focused upon Defendant's prior criminal record, her failure to work regularly at a lawful occupation, and her failure to make reasonable restitution payments. *Id.* The Government also filed a supplemental Response (Docket No. 10) providing more information about Defendant's restitution payments.

Defendant filed a Reply, essentially arguing that it was illogical to deny Defendant's travel, which would generate money to pay towards her restitution, when the Government's complaint was that she had not been working and paying restitution. Docket No. 13.

It appears that the parties were laboring under the understanding that the Probation Officer had denied Defendant permission to travel either to Wichita or to Curacao. The Government's Reply, however, clarifies the situation, stating in part "The United States is advised that the Probation Officer has given the defendant permission to travel to Wichita, Kansas, from April 4, 2014 through April 7, 2014." Docket No. 14.

Therefore, to the extent that the instant Motion seeks Court approval for Defendant to travel to Wichita as stated, the Motion is DENIED AS MOOT.

The Government's Reply also notes that, "The defendant's request to travel to the Island

of Curacao from April 17, 2014, through April 22, 2014, has not been approved by the Probation Officer." Docket No. 14. The undersigned understands that the Probation Officer not only has not approved the Curacao trip, she has also denied permission for Defendant to travel to Curacao as stated.

The Court, therefore, will hold a Hearing on the issue of Defendant's proposed travel to Curacao and her request for further relief on Wednesday, April 9, 2014, at 10:30 a.m.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge